

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of  
J. Mark Coulson  
U.S. Magistrate Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
MDD_JMCChambers@mdd.uscourts.gov  
Phone: (410) 962-4953  
Fax: (410) 962-2985

October, 29 2014

LETTER TO COUNSEL & DEFENDANT

Re:  *Pennsylvania Higher Education Assistance Agency v. Joseph Griffin*  
Case No. 1:14-CV-2335-WDQ

Dear Counsel:

This matter was referred to me for a report and recommendation on Plaintiffs' Motion for Default Judgment ("Motion") (ECF No. 10). By this Order, I direct Plaintiff to supplement the Motion as directed below on or before November 28, 2014.

Plaintiff commenced this action against Defendant alleging that Defendant had failed to fulfil his payment obligations pursuant to his Federal Heal Consolidation Loan Application Promissory Note ("Promissory Note"). (ECF No. 1 at ¶¶ 4-9). The Complaint alleges one count of Breach of Agreement to Repay Heal Education Assistance Loans. (*Id.*). Specifically, Plaintiff alleged that by executing the Promissory Note, Defendant is obligated to pay the principal, interest and late fees in the amount of $21,361.70. (ECF No. 1 at ¶ 9). With respect to jurisdiction, Plaintiff's Complaint asserts only that "[t]his court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 42 U.S.C. § 292 et seq., governing the administration of Health Education Assistant Loans (HEAL) program." (ECF No. 1 at ¶ 3).

In preparing a report and recommendation on the Motion, I am required to consider whether the unchallenged factual allegations of the Complaint constitute a legitimate cause of action. Further, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Neither Plaintiff's Motion nor its Complaint adequately addresses this issue of subject matter jurisdiction.

Accordingly, Plaintiff is directed to supplement the Motion on or before November 28, 2014 with legal briefing addressing whether this Court has subject matter jurisdiction over its claim.

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600  
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

Plaintiff is further directed to consider the holdings in similar cases in other districts, including but not limited to: *HICA Educ. Loan Corp. v. Danziger*, 900 F. Supp. 2d 341 (S.D.N.Y. 2012) (holding that federal courts lacked subject matter jurisdiction over an action brought against student borrower by private holder of promissory note executed under the HEAL program on the grounds that (1) the cause of action had been created by state law; (2) no substantial federal issue was raised; (3) the fact that HEAL loans had been federally regulated did not bear on the issue of whether borrower had defaulted; and (4) the action did not present a significant conflict between federal interest and state law); *HICA Educ. Loan Corp. v. Mittelstedt*, 12-CV-512-WMC, 2013 WL 2112233 (W.D. Wis. May 15, 2013) (dismissing case for lack of subject matter jurisdiction and reasoning that even though the HEAL loan at issue in the case was regulated by federal law, plaintiff's cause of action to recover on its promissory note was created by state law).

      Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

                                                        Sincerely yours,

                                                        /s/

                                                     J. Mark Coulson
                                                     United States Magistrate Judge